UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL MANN,

    Petitioner,                                    Civil No. 14-CV-12828

v.                                               Honorable Patrick J. Duggan

STEVEN RIVARD,

    Respondent.
_____/

**OPINION AND ORDER
GRANTING PETITIONER'S MOTION TO STAY, HOLDING IN
ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS, AND
ADMINISTRATIVELY CLOSING THE CASE**

**I.  INTRODUCTION**

Petitioner Darrell Mann, who is confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for three counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(b), and one count of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.750.520e(1)(b).

Petitioner has now filed a motion to hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition.  For the

1

reasons stated below, the Court will grant the motion, hold the petition in abeyance, and stay the proceedings under the terms outlined in this Opinion and Order. The Court will also administratively close the case.

## II. BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Mann*, No. 308706, 2013 WL 2278136 (Mich. Ct. App. May 23, 2013), *leave denied* 495 Mich. 899, 839 N.W.2d 213 (2013).

Petitioner filed a petition for writ of habeas corpus, seeking habeas relief on the three grounds that he raised in his appeal of right before the Michigan Court of Appeals.

Petitioner has filed a motion to hold the petition in abeyance so that he can return to the state courts to raise additional claims that have not been exhausted with the state courts.

## III. ANALYSIS

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be

exceptional or unusual circumstances. *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002); *see also Bowling v. Haeberline,* 246 F. App'x 303, 306 (6th Cir. 2007) (acknowledging that a habeas court is entitled to delay decision in a habeas petition that contains fully exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk*, 299 F. 3d at 83). Indeed, although there is no bright-line rule that a district court can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F. 3d at 82 (internal quotation omitted); *see also Bowling,* 246 F. App'x at 306 (district court erred in dismissing petition containing only exhausted claims merely because petitioner had independent proceeding pending in state court involving other claims).

The Court will grant Petitioner's motion to hold the petition in abeyance while he returns to state court to exhaust his unexhausted claim. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of

3

limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

The U.S. Supreme Court suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416; 125 S. Ct. 1807, 1813 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005).

Petitioner's claims do not appear to be "plainly meritless." Further, Petitioner asserts that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion

of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278, 125 S. Ct. at 1535. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Opinion and Order. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

Petitioner's method of properly exhausting his claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.502. *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. Mich. Ct. R. 6.505-6.507, 6.508(B), (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich.

5

Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court to properly exhaust the claims that he would raise in his post-conviction motion. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

## IV. CONCLUSION

For the reasons stated, Petitioner's motion to stay is granted. These proceedings are stayed and the habeas petition is held in abeyance. Petitioner must file a motion for relief from judgment in state court within sixty days of receipt of this Opinion and Order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After Petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in Petitioner's original habeas petition.

To avoid administrative difficulties, the Clerk of Court shall close this case for

statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk of Court to reopen this case for statistical purposes.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

DATED: April 17, 2015

Copies to:
Darrell Mann
Elizabeth Rivard, A.A.G.
Laura Moody, A.A.G.