UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL MANN,

    Petitioner,                        Case No. 2:14-cv-12828

v.                                  HONORABLE STEPHEN J. MURPHY, III

BONITA HOFFNER,

    Respondent.
                                    /

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS [1, 15] AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Before the Court is Petitioner Darrell Mann's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for three counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(b), and one count of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520e(1)(b). For the reasons set forth below, the Court will deny the petition.

## BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit Court, and the conviction was affirmed on appeal. *People v. Mann*, Case No. 308706, 2013 WL 2278136 (Mich. Ct. App. May 23, 2013). The Michigan Court of Appeals relied on the following facts that the Court presumes are accurate:[1]

> On July 19, 2011, the victim was walking toward a bus stop when defendant offered to give her a ride. The victim got in defendant's truck and, after they negotiated a price for oral sex, defendant drove to a parking lot. After defendant stopped the vehicle, he grabbed the victim's neck with both hands and told her he did not have any money, but to do what he said and he would not hurt her. After defendant forced the victim to perform oral sex, he penetrated her with his fingers and then his penis while she cried and asked him to stop. Eventually, defendant let the victim out of his

---

[1] The Court is permitted to make the presumption under 28 U.S.C. § 2254(e)(1).

truck and, after securing defendant's license plate number, she sought medical treatment. Prior to defendant's trial and pursuant to MRE 404(b), the prosecutor moved for the admission of evidence related to defendant's 1989 first-degree CSC conviction and the motion was granted.

*Id.* at *1.

Petitioner then filed his petition, which the Court held in abeyance to permit Petitioner to return to the state courts to present additional claims. ECF 12. Petitioner's state court actions failed, so the Court reopened the case and allowed Petitioner to file an amended habeas petition. ECF 16. In his original and amended petitions, Petitioner seeks habeas relief on the following grounds: (1) Petitioner was denied a fair trial by the introduction of prejudicial bad acts evidence, (2) Petitioner was denied the effective assistance of trial counsel, and (3) Petitioner was denied the effective assistance of appellate counsel.

## STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An

2

"unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner must therefore show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

**DISCUSSION**

I. <u>Other Acts Evidence</u>

Petitioner first claims that the trial court violated his right to due process and a fair trial by admitting "other acts" evidence involving Petitioner's 1989 sexual assault conviction because the evidence was irrelevant, more prejudicial than probative, and violated Michigan's Rule of Evidence 404(b). Violations of state law and procedures that do not infringe specific federal constitutional protections are not cognizable claims under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Moreover, the Sixth Circuit has observed that "the Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admissions of relevant evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536,

3

551 (6th Cir. 2012) (emphasis omitted). Evidence of Petitioner's 1989 sexual assault tended to show his intent to sexually assault the victim in this case, so it was relevant. Petitioner's argument therefore fails to raise a claim on which relief can be granted.

II. <u>Ineffective Assistance of Counsel</u>

Petitioner next argues that he was denied the effective assistance of trial and appellate counsel. To succeed on these claims, Petitioner must show that his counsel was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir.) (applying *Strickland* standard to appellate counsel). To do so, Petitioner must overcome the strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. And Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because the Court reviews the question on habeas, "the pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. Petitioner did not discharge his burden, so the Court will not grant relief.

A. Trial Counsel

Petitioner argues that trial counsel was ineffective because she failed to object to the state court's erroneous instruction on the elements for fourth-degree criminal sexual conduct. The Court finds that the jury instructions adequately advised the jurors that they had to find that Defendant intentionally touched the victim's breasts and that the touching had been done for a sexual purpose. Counsel therefore was not ineffective for failing to object to the instructions. *See Campbell v. Coyle*, 260 F.3d 531, 558 (6th Cir. 2001).

4

Petitioner also argues that trial counsel was ineffective for failing to impeach the victim for her prior inconsistent statements.[2] The Michigan Court of Appeals rejected the claim because it found that counsel adequately questioned the victim. The Court has independently reviewed the record and finds that counsel extensively impeached the victim. *See, e.g.*, ECF 10-7, PgID 410–23. Counsel then highlighted this impeachment during closing argument. ECF 10-8, PgID 589–603. Accordingly, the Court finds that counsel's performance was adequate and that Petitioner is not entitled to relief. *See Jackson v. Bradshaw*, 681 F.3d 753, 764–65 (6th Cir. 2012); *Krist v. Foltz*, 804 F.2d 944, 948–49 (6th Cir. 1986).

Petitioner next argues he was denied the assistance of counsel during a critical stage in the proceeding when the judge answered a note asking for a copy of the jury instructions to be sent to the jury room. The complete denial of counsel during a critical stage of a judicial proceeding—including the giving of a supplemental jury instruction—mandates a presumption of prejudice. *United States v. Cronic*, 466 U.S. 648, 659 (1984); *Rushen v. Spain*, 464 U.S. 114, 119 n.4 (1983). But re-reading or giving written instructions that have previously been given to the jury are not critical stages for Sixth Amendment purposes. *Philips v. Bradshaw*, 607 F.3d 199, 223–24 (6th Cir. 2010); *Hudson v. Jones*, 351 F.3d 212, 216–18 (6th Cir. 2003). Consequently, the Court does not presume prejudice. Petitioner does not allege or show any prejudice from his counsel's absence, so he is not entitled to relief.

---

[2] Petitioner did not include this claim in his amended habeas petition. Although a habeas petitioner can withdraw a claim from a habeas petition, it is not clear that Petitioner sought to withdraw this claim from consideration when he filed his amended petition. Because Petitioner is proceeding pro se, the Court assumes that he still seeks to pursue habeas relief on this claim.

Petitioner finally contends that trial counsel was ineffective for failing to object when the judge gave the jurors a copy of a medical report that had not been admitted into evidence. Petitioner made the same claim in a post-conviction motion that was denied by a state court, which found that the jury had not been given the medical records. ECF 18-3. Although the issue of ineffective assistance of counsel presents a mixed question of law and fact, any underlying facts found by the state courts are presumed correct until they are rebutted by clear and convincing evidence. *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). Petitioner has failed to rebut the factual finding that the contested evidence was not given to the jury, so there was no reason for trial counsel to object. *See U.S. v. Johnson*, 9 F. App'x. 373, 374 (6th Cir. 2001) (no error when counsel fails to raise a meritless issue). Thus, there is no ground for relief.

### B. Appellate Counsel

Petitioner argues that appellate counsel was ineffective for failing to raise the third and fourth ineffective assistance of trial counsel claims on Petitioner's appeal of right. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). The Court has already determined that Petitioner's ineffective assistance of trial counsel claims are without merit, so appellate counsel was not ineffective in handling the direct appeal. Petitioner is not entitled to relief.

### III. Certificate of Appealability

Petitioner cannot appeal the Court's decision unless he is issued a Certificate of Appealability (a "COA"). Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). "[W]hen a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). After conducting the required inquiry, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. The Court will therefore deny Petitioner a COA. The Court also will deny Petitioner leave to appeal in forma pauperis because an appeal would be frivolous. *See Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich 1999).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for writ of habeas corpus [1, 15] is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner is denied leave to appeal in forma pauperis.

The order is final and closes the case.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
Dated: October 10, 2017     United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 10, 2017, by electronic and/or ordinary mail.

                                        s/David P. Parker
                                        Case Manager